Board of Sup'rs of Warren County v. Hackett, Treasurer.

[85 South. 116, In Banc. No. 21181.]

Counties. *Treasurer held not entitled to commissions where there is a county depository.*

Under our statutes the county treasurer in a county where there is a county depository receives for his salary a fixed compensation; and, though the appointment of the county depository be irregular or defective, nevertheless, if it qualifies by depositing with the county treasurer the statutory securities, receives a commission, and handles all public funds of the county, the treasurer cannot claim for his compensation the statutory commissions allowed to a county treasurer on public funds where there is no county depository, especially after the treasurer has officially recognized and acquiesced in the appointment of such depository.

Appeal from circuit court of Warren county.
Hon. E. L. Brien, Judge.

W. R. Hackett, Treasurer of Warren County, presented a claim for the balance of his salary to the Board of Supervisors of Warren County. Claim rejected, and

on appeal to the circuit court there was judgment for the Treasurer, and the Board of Supervisors appeals. Reversed, and judgment entered for the Board of Supervisors.

*Anderson, Vollor & Kelly,* for appelant.

*John C. Bryson,* for appellee:

Stevens, J., delivered the opinion of the court.

Appellee, as the duly elected county treasurer of Warren county, propounded and presented to the board of supervisors a claim for one thousand six hundred and twenty-five dollars, the balance, as alleged, of salary due him for the years 1918 and 1919 as treasurer of said county. The board rejected the claim, and an appeal was prosecuted to the circuit court, and the learned circuit judge, a jury being waived, found in favor of appellee in the sum of one thousand five hundred twenty-five dollars and twenty-four cents, with interest and costs. From this judgment the board appeals.

Appellee's claim is founded upon the assumption and contention that there was no legally appointed county depository in Warren county for the years 1918 and 1919, and that he, in the absence of a duly accredited county depository, is entitled to the lawful commissions upon all public funds of the county for the years mentioned, that these commissions exceeded the maximum of one thousand dollars a year, and that therefore appellee is entitled to recover one thousand dollars per annum, less amounts already paid him and ·for which credit is offered.

The facts are: In December, 1917, the board ordered the clerk to advertise for a county depository for 1918 "in compliance with the provisions of chapter 194 of the Acts· of 1912 and the amendments as provided in

chapter 257 of Acts of 1914." No reference was made to chapter 208 of the Acts of 1916 then in force and effect. There being no response to this advertisement, in January, 1918, the clerk was directed to advertise again, and in this order and advertisement no reference was made to the Acts of 1916. In response to this last advertisement the First National Bank of Vicksburg offered to act as county depository in the following words:

"We will pay you a premium of one hundred dollars if we are designated the depository, said amount to be credited twenty-five dollars each quarter."

This being the only bid, it was accepted. The bank at once qualified by giving the securities required by statute. These securities were deposited with the county treasurer and accepted and preserved by him. A legal commission was issued to the bank, and the bank thereafter proceeded to receive all public funds and to discharge fully and completely all the duties of a county depository for that year, 1918. A similar proceeding was had by the board in selecting a depository for the year 1919; the only difference being that the bank in filing its bid offered "to pay flat premium of four hundred dollars in quarterly payments of one hundred dollars each." The order of the board stated that, this "being the best and only bid offered," it was accepted, and again the bank was commissioned and duly qualified and discharged the duties of a county depository for 1919

During the year 1918 and for the first three months of 1919 appellee presented to the board and drew his allowance of twenty-five dollars a month, or three hundred dollars per annum, for the year 1918, and a similar *pro rata* for the first three months of the year 1919. Appellee decided that the First National Bank was not a legal depository, and, in consequence thereof, that he was entitled to the full remuneration of one thousand

dollars for each of the years 1918 and 1919. This claim rests upon the position that the bank's bids for the years in question were both void, and that all of its subsequent acts as a depository were void. On May 10, 1919, the board entered its order disallowing the claim of the appellee, a bill of exceptions was tendered, and an appeal was prosecuted to the circuit court.

The statutes brought under review embrace section 2192, Code of 1906 (Hemingway's Code, section 1873), which provides that the county treasurer for his salary—"shall be allowed two and one-half per centum on all money received by him for county purposes, except what he may receive from his predecessor in office and a like per centum on all sums that are collected by the sheriff and tax collector, during the treasurer's term of office that are paid in to the succeeding treasurer who shall not receive any compensation therefor; but when the amount on which he is entitled to commissions shall exceed twenty thousand dollars in any year, he shall be entitled to only one per centum on any such excess; but a county treasurer shall not receive in counties not having depositories more than one thousand dollars for his compensation."

This section was amended by chapter 192, Laws of 1910, providing, among other things:

"That the county treasurer, in counties not having county depositories," shall be paid the sum theretofore provided by said section 2192, Code of 1906.

And section 2 of the same act provides that—"The treasurer in counties not having county depositories shall be paid quarterly on the first of April, July, October and January."

Section 3 of the act is as follows: "In counties having county depositories the treasurer shall receive an annual salary of three hundred dollars per annum, and the same shall be allowed and paid in monthly payments and the treasurers in such counties shall receive no other

123 Miss.—3.

fees or emoluments for their services as county treasurer."

It will not be necessary for the purposes of this opinion to set out the provisions of chapter 137, Laws of 1910, creating the county depository and providing how the depository shall qualify. One of the points raised and relied upon by appellee is that a bank which qualifies is required to pay to the county an agreed rate of interest for the use of the county's funds, "but no bids of less than two per cent. per annum on the average daily balance kept on deposit in any depository shall be received." The county depository law is amended by chapter 257, Laws 1914, and chapter 208, Laws 1916, which provide for the notice to be given the banks to submit bids to act as county depositories and stipulate how the notice shall be published, a copy mailed, etc.

It is conceded that the amendment of 1916 was not literally complied with in this case; the board of supervisors overlooking the provisions of this amendment. It is contended that the failure to comply literally with the statute providing how the notice shall be published, as well as the terms offered, renders the bid accepted by Warren county for the years 1918 and 1919 void, and renders the appointment of the bank invalid and absolutely void. The contention is further made on behalf of appellee that the salary of any officer is an incident to the office, and that, the appointment of the First National Bank being void, the county treasurer, as a result, was entitled to full pay just the same as if no bank had bid or qualified.

The splendid briefs of counsel take a wide range, and their arguments are directed to many legal propositions, discussion of which in this opinion will be unnecessary. Counsel for appellee discuss the constitutional powers of the board of supervisors in an effort to show that the jurisdiction exercised by the board in the selection of a county depository is purely statutory, and that a literal

compliance with the provisions of the statutes is imperative. Much, too, is said in the brief for the appellants to the effect that the First National Bank was a *de facto* officer or county depository, and as such handled all the public funds in the same way as if there was no irregularity in the appointment, and that its acts were valid and binding and cannot be questioned by the county treasurer, who had full knowledge of the appointment, who received from the bank the necessary securities by which it undertook to qualify, and who acquiesced in and received notice of all deposits of public funds, and who filed claim for his salary on the basis of three hundred dollars per annum, and thereby admitted the qualification of the depository.

We do not conceive it necessary to discuss or decide the question of whether the county depository is an officer, and whether under the facts mentioned it was a *de facto* officer. There is but one material inquiry in this case, and that is whether appellee is entitled to receive for his compensation commissions on public funds which he never handled, but which were deposited with the acting depository for the years 1918 and 1919. Under our statutory provisions the treasurer receives a fixed compensation of three hundred dollars per annum in all counties where there is a county depository. In the present case there was in fact a county depository, and this depository handled all the funds. It may be conceded that appellee might have questioned at the outset the authority of the First National Bank to serve as a county depository, but this the treasurer did not do. No one questioned the authority of the depository. On the contrary, the bank in good faith attempted to qualify, put up the necessary securities, and received a commission. It functioned in all respects as if the appointment had been legal. It handled the public funds and necessarily became liable therefor. The bank was in no position to question its responsibility. Neither the

board of supervisors nor the appellee ever questioned the appointment. Now, after the bank has handled the funds in an efficient and responsible fashion, how can appellee be heard, to say that he received and was responsible for the public moneys and entitled to commissions thereon? It is sufficient answer to say he has not received and handled the funds. It is true a record of all deposits made in the county depository is made in triplicate, and the county depository mails one of its receipts to the county treasurer, and thereby the treasurer keeps a record of what the county depository does, but this is far from handling the funds himself. The fact that the treasurer was fully informed of all official acts of the county depository only makes plausible the argument that he is estopped now to claim more than three hundred dollars per annum.

The authorities so much relied upon that the salary of an office follows and is an incident to the office, regardless of whether the officer is called upon actively to discharge the duties, have no application in the present case. The compensation of the county treasurer in counties where there are no depositories is not a fixed salary, but a commission upon moneys passing through his hands. In our judgment, there would be little equity in the claim that appellee is entitled to commissions on moneys which he never handled, commissions which he never earned. We accordingly must conclude that the judgment of the learned circuit court be reversed, and judgment entered here for appellant without prejudice to the right of appellee to recover the statutory compensation of three hundred dollars per annum for the year 1919.

*Reversed, and judgment here.*